IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. ALBERTA BAKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-22-1040-SLP |
| | ) | |
| 1. INTEGRIS BAPTIST MEDICAL CENTER, INC., | ) ) | |
| 2. INTEGRIS BAPTIST MEDICAL CENTER PORTLAND AVENUE, | ) ) ) | |
| 3. INTEGRIS HEALTH, INC., and | ) ) | |
| 4. CINDY MORRIS, | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | **ATTORNEYS LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Alberta Baker, and for her Complaint against the Defendants, alleges and states as follows:

## PARTIES

1. Plaintiff, Alberta Baker, is an adult female resident of Oklahoma County, Oklahoma.

2. Defendants are:

   a. Integris Baptist Medical Center, Inc., an entity doing business in and around Oklahoma City, Oklahoma;

   b. Integris Baptist Medical Center Portland Avenue, an entity doing business in and around Oklahoma City, Oklahoma;

1

   c. Integris Health, Inc., an entity doing business in and around Oklahoma City, Oklahoma (Defendant entities a-c are collectively referred to herein as "Integris"); and

   d. Cindy Morris, an individual.

## JURISDICTION AND VENUE

 3. This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on the following claims: (a) race discrimination and retaliation in violation of 42 U.S.C. §1981; (b) race discrimination and retaliation in violation of Title VII and 42 U.S.C. §2000e-3(a); (c) tortious interference with a contractual/employment relationship; (d) tortious interference with a prospective business advantage; and (e) blacklisting.

 4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

 5. To the extent required, Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 4, 2022. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated on or about September 22, 2022, which Plaintiff received thereafter.  And, Plaintiff has timely filed this action within ninety (90) days of receipt of her notice of right to sue.

 6. All acts complained of herein occurred in or around Oklahoma County,

Oklahoma. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. Defendants retaliated against Plaintiff for engaging in protected opposition to race discrimination and for participating in proceedings concerning race-based discrimination and retaliation.

8. Particularly, on or about January 11, 2017, Plaintiff filed an EEOC Charge of Discrimination based on claims arising out of her former employment with Deaconess Holdings, LLC and Alliance Health Deaconess, a tradename for Deaconess Health Systems, LLC (collectively "Deaconess").

9. On or about July 21, 2017, Plaintiff filed suit against Deaconess: *Baker v. Deaconess Holdings, LLC, et al.* CIV-17-782-HE (W.D. Okla.) (alleging claims for race discrimination and retaliation).

10. Therein, Plaintiff alleged *inter alia* she was fired from employment by then-Deaconess Director of Nursing ("DON") Cindy Morris.

11. An Administrative Closing Order was entered on or about April 11, 2018.

12. Plaintiff has continued working in the healthcare industry, recently securing an employment contract with Gifted Healthcare on or about March 8, 2022, to work as a Certified Nurse Assistant ("CNA") at Integris.

13. The contract was for a period of twenty-six (26) months (from March 15, 2022 to September 17, 2022), working a minimum of thirty-six (36) hours per week at the Integris

location on Portland Avenue in Oklahoma City, Oklahoma. Plaintiff was to be paid a regular hourly rate of $35.00 per hour, and an overtime rate of $52.50 per hour. By its terms, the contact could only be cancelled for cause.

14. Plaintiff reported to work at Integris on or about March 15, 2022, and began the orientation process.

15. On or about March 16, 2022, Plaintiff received an email from an Integris Emergency Medical Response Education ("EMRE") Representative, welcoming her to Integris and providing her with her network identification number.

16. Included on the March 16, 2022 email was Cindy Morris, who is now employed as the Clinical Director with Integris.

17. On or about March 17, 2022 – the day after Morris was put on notice that Plaintiff was working at Integris – Plaintiff received a text message from Gifted Healthcare stating, "Integris just made us aware that you were a DNR [do not rehire] from your previous employment there and do not need you to return."

18. Plaintiff received the message while in the midst of orientation at Integris.

19. Confused as to why she would not be allowed to work at Integris, Plaintiff spoke with an IT representative at the orientation who said he would look into the matter.

20. He soon returned, telling Plaintiff, without reason, that she "had to go" in front of the class. Plaintiff was then informed by Gifted Healthcare that she would not be working at Integris moving forward, thereby terminating her contract.

21. Plaintiff, who is Black, was qualified for her job, but was fired, and her job

was not eliminated.

22. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

### COUNT I: 42 U.S.C. § 1981 - Retaliation

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

23. This Count is asserted against all Defendants.

24. The matters alleged above also constitute retaliation against Plaintiff for her opposition to unlawful race-based employment practices and for participating in proceedings concerning discrimination and retaliation, including filing an EEOC Charge and federal court Complaint.

25. Plaintiff is entitled to relief because she opposed race discrimination and retaliation and participated in proceedings related thereto; she suffered an adverse action; and a causal link exists between the protected activity and the adverse action.

26. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

### COUNT II: Title VII - Retaliation

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

27. This Count is asserted against Defendants Integris.

28. The matters alleged above constitute a violation of Title VII, 42 U.S.C. 2000e-

3(a) for retaliating against Plaintiff for her opposition to unlawful race-based employment practices and retaliating against Plaintiff for participating in proceedings concerning discrimination and retaliation, including filing an EEOC Charge and federal court Complaint.

29. Plaintiff is entitled to relief because she opposed race discrimination and retaliation and participated in proceedings related thereto; she suffered an adverse action; and a causal link exists between the protected activity and the adverse action.

30. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

31. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT III:  42 U.S.C. § 1981 - Race Discrimination

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32. This Count is asserted against all Defendants.

33. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination.

34. Plaintiff is entitled to relief because she is Black; she was qualified for her job; she was fired; and her job was not eliminated.

35. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

36. Because the actions of the Defendants were willful, wanton or, at the least, in

reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT IV:  Title VII - Race Discrimination

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

37. This Count is asserted against Defendants Integris.

38. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination.

39. Plaintiff is entitled to relief because she is Black; she was qualified for her job; she was terminated from her employment with Defendants; and her job was not eliminated.

40. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

41. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT V: Tortious Interference with Plaintiff's Contractual/Employment Relationship with Integris Entities

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

42. This Count is asserted against Defendant Morris.

43. The acts described-above constitute tortious interference with an employment

relationship, i.e., Plaintiff's employment relationship with Defendant Integris. Defendant Morris had no justification, excuse or privilege for such interference.

44. Defendant Morris knew or should have known of Plaintiff's employment relationship and expectancy of continued employment with Defendants Integris.

45. Defendant Morris was involved in wrongfully terminating Plaintiff's employment based on the unlawful grounds set forth above. As such, Defendant Morris interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant Integris.

46. The actions of Defendant Morris were intentional, malicious and wrongful. Defendant Morris was not acting to serve any legitimate or lawful interest of Defendant entities, but was pursuing her own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federal protected rights.

47. In addition to not being legitimate, Defendant Morris' actions were not justified or privileged.

48. As a result, Plaintiff is entitled to all damages allowed by Oklahoma state law.

49. Moreover, because the actions of Defendant Morris were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT VI: Interference With A Prospective Economic Advantage
### relating to Plaintiff's Business Relationship with Integris

For her sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

50. This Count is asserted against Defendant Morris.

51. The acts described-above constitute unlawful interference with Plaintiff's prospective economic advantage.

52. Plaintiff had a reasonable expectation for profit in her employment with Defendants Inegris.

53. Defendant Morris had knowledge of this relationship and/or expectancy.

54. Defendant Morris intentionally induced or caused a breach of Plaintiff's expectancy.

55. Such a breach resulted in damage to Plaintiff.

56. Defendant Morris was involved in wrongfully terminating Plaintiff's employment based on the unlawful grounds set out above. As such, Defendant Morris interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendants Integris.

57. The actions of Defendant Morris were intentional, malicious and wrongful. Defendant Morris had no justification, excuse or privilege for her actions. Defendant Morris was not acting to serve any legitimate or lawful interest of Defendants Integris, but was pursuing her own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federal protected rights.

58. Plaintiff suffered damages as a direct result of the actions of Defendant Morris. And, such damage was proximately sustained as a direct result of the complained-of interference.

59. As a result, Plaintiff is entitled to all damages allowed by Oklahoma state law.

60. Moreover, because the actions of the Defendant Morris were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT VII: Tortious Interference with Plaintiff's Contractual/Employment Relationship with Gifted Healthcare

For her seventh cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

61. This Count is asserted against Defendants Integris and Defendant Morris.

62. The acts described-above constitute tortious interference with an employment relationship, i.e., Plaintiff's employment with Gifted Healthcare. Defendants Integris and Morris had no justification, excuse or privilege for such interference.

63. Defendants Integris and Morris knew or should have known of Plaintiff's employment relationship and expectancy of continued employment with Gifted Healthcare.

64. Defendants Integris and Morris were involved in wrongfully terminating Plaintiff's employment based on the unlawful grounds set forth above. As such, Defendants Integris entities and Morris interfered with the employment relationship and expectation of continued employment Plaintiff had with Gifted Healthcare.

65. The actions of Defendants Integris and Morris were intentional, malicious and wrongful. Defendants Integris entities and Morris were not acting to serve any legitimate or lawful interest of Gifted Healthcare, but were pursuing their own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federal protected

rights.

66. In addition to not being legitimate, Defendants Integris and Morris' actions were not justified or privileged.

67. As a result, Plaintiff is entitled to all damages allowed by Oklahoma state law.

68. Moreover, because the actions of Defendants Integris and Morris were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT VIII: Interference With A Prospective Economic Advantage relating to Plaintiff's Business Relationship with Gifted Healthcare

For her eighth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

69. This Count is asserted against Defendants Integris and Morris.

70. The acts described-above constitute unlawful interference with Plaintiff's prospective economic advantage.

71. Plaintiff had a reasonable expectation for profit in her employment with Gifted Healthcare.

72. Defendants Integris and Morris had knowledge of this relationship and/or expectancy.

73. Defendants Integris and Morris intentionally induced or caused a breach of Plaintiff's expectancy.

74. Such a breach resulted in damage to Plaintiff.

75. Defendants Integris and Morris were involved in wrongfully terminating

Plaintiff's employment based on the unlawful grounds set out above. As such, Defendants Integris entities and Morris interfered with the employment relationship and expectation of continued employment Plaintiff had with Gifted Healthcare.

76. The actions of Defendants Integris and Morris were intentional, malicious and wrongful. Defendants Integris and Morris had no justification, excuse or privilege for her actions. Defendants Integris and Morris were not acting to serve any legitimate or lawful interest of Gifted Healthcare, but were pursuing their own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federal protected rights.

77. Plaintiff suffered damages as a direct result of the actions of Defendants Integris and Morris. And, such damage was proximately sustained as a direct result of the complained-of interference.

78. As a result, Plaintiff is entitled to all damages allowed by Oklahoma state law.

79. Moreover, because the actions of Defendants Integris and Morris were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT IX: Blacklisting

For her ninth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

80. This Count is asserted against Defendants Integris and Morris.

81. The acts of Defendants described above constitute blacklisting in violation of Okla. Stat. tit. 40 § 172.

82. As damages, Plaintiff is entitled to all damages allowed by state law.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess lost wages, including back pay and front pay, actual, compensatory, punitive damages together with pre- and post-judgment interest, costs, attorneys' fees, all other damages available under federal and Oklahoma state law, and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 8TH DAY OF DECEMBER, 2022.**

*s/ Jana B. Leonard*
**LEONARD & ASSOCIATES, P.L.L.C.**
**JANA B. LEONARD, OBA # 17844**
**SHANNON C. HAUPT, OBA #18922**
**KARINA R. LUECK, OBA #35171**
**8265 S. WALKER**
**OKLAHOMA CITY, OK 73139**
**(405) 239-3800      TELEPHONE**
**(405) 239-3801      FACSIMILE**
leonardjb@leonardlaw.net
haupts@leonardlaw.net
lueckkr@leonardlaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**